UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE MIRANDA SKIDGEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:23-cv-02179-DC-EFB (SS)<br><br>ORDER ADOPTING THE PARTIES' JOINT MOTION FOR SETTLEMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT<br><br>(Doc. No. 20) |

　　　　On October 2, 2023, Plaintiff Yvonne Miranda Skidgel filed this action seeking review of a final decision of Defendant Commissioner of Social Security. (Doc. No. 1) On April 16, 2025, the court issued an order granting Plaintiff's motion for summary judgment and remanded this matter to the Commissioner of Social Security for further proceedings pursuant to 42 U.S.C. § 405(g). (Doc. No. 19.) On May 6, 2025, the parties filed a joint motion requesting an order that Plaintiff be awarded attorney's fees and expenses and costs in the amount of $6,100.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] (Doc. No. 20.)

　　　　The EAJA provides for an award of attorney fees to private litigants who prevail in civil

---

[1] Under the Equal Access to Justice Act, the court may award a judgment of costs to the prevailing party. 28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920). Here, the parties indicate in the caption of their motion that they are moving for attorney fees and costs. (Doc. No. 20 at 3.) However, the parties do not request costs within their motion. (*Id*. at 1–3.) Accordingly, no costs are awarded under 28 U.S.C. § 1920.

1

actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Good cause appearing, and pursuant to the parties' joint motion, the court orders as follows:

1. Pursuant to the EAJA, 28 U.S.C. § 2412(d), Plaintiff is awarded attorney's fees and expenses in the amount of $6,100.00;

2. After the issuance of this order, the government shall consider the assignment of the EAJA attorney's fees to Plaintiff's counsel;

    a. Pursuant to the decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), any such assignment will depend on whether the attorney's fees are subject to any offset allowed under the United States Department of Treasury's ("the DOT") Offset Program;

    b. Fees shall be made payable to Plaintiff, but if the DOT determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of attorney's fees to be made directly to Plaintiff's counsel, Justin Prato;

3. Whether the payment of attorney's fees is made payable to Plaintiff or to her counsel, the check will be mailed to Plaintiff's counsel's mailing address at:

>   Justin Prato
>   Prato & Reichman, APC
>   3675 Ruffin Road, Suite 220
>   San Diego, CA 92123

IT IS SO ORDERED.

Dated: **June 3, 2025**

Dena Coggins
United States District Judge

2